523-1106 W.C. Autozone, appellant by Christopher Crawford v. Illinois Workers' Compensation Comm'n, et al., Loxie U. Sanders III, appellee by James Keefe, Jr. Mr. Crawford, you may be seated. Yes, good morning, or good afternoon, I'm sorry. Good afternoon. Your Honor, Counsel, may it please the Court, my name is Chris Crawford. I am the attorney for the appellant, Autozone. We filed this appeal following a decision by Arbitrator Cantrell finding in favor of the petitioner that he was injured and is requiring a neck surgery that has been proposed by Dr. Gornett. I have filed this appeal arguing that the Commission's decision is against the manifest way of the evidence, considering the numerous inconsistencies that were just simply overlooked by the Commission in rendering its decision. Particularly, it's the inconsistencies the petitioner shared with Dr. Oldham, who first treated the petitioner regarding his injuries. You'll see from the record that Dr. Oldham is petitioner's family physician. He treated with Dr. Oldham first with feral family practice, saw Dr. Oldham on eight different occasions where he repeated the same history, that his low back injuries or his low back pain is different from where it was at baseline. And even Dr. Oldham observed that he had a prior chronic low back issue. This is something the petitioner just flat out denied at arbitration, and the arbitrator and the Commission accepted this, failing to evaluate the inconsistencies from Dr. Oldham's records. The petitioner had said he must have been, Dr. Oldham must have been referring to his father. Well, there's eight occasions and also multiple records from Dr. Oldham stating that the petitioner was seeing him for back problems. So, you know, again, a prior back problem was just overlooked by the Commission. It was denied by the petitioner, and clearly it was there. It just perplexes me as to why it was never addressed and reconciled by the arbitrator or the Commission. And certainly taints the award that was rendered in favor of the petitioner in this case. Now, we're faced with the prospect of a cervical surgery, not a low back surgery, I acknowledge that. However, such a glaring inconsistency needs to be addressed by the Commission, should have been addressed by the Commission, should have been addressed by the arbitrator. And I think it speaks to the issue of whether the Commission's decision is against the manifest weight of the evidence. In those circumstances where the opposite conclusion should have been reached. With such a glaring inconsistency, I think the opposite conclusion is appropriate here. Additionally, there are other multiple inconsistencies that I pointed out in my brief. When he was first examined at Farrell Hospital, the petitioner demonstrated limited range of motion. Contrary to that, he reported arbitration and he could not move his neck whatsoever. Again, physical examinations do not bear this out. All these inconsistencies are somewhat relied upon by Dr. Boronet, the physician recommending cervical surgery. Dr. Boronet stated that he admitted that he was not aware of any prior medical issues, hadn't reviewed any prior medical records, and believed that the petitioner to be asymptomatic prior to this particular incident. When clearly that is not the case, given the entries in Dr. Olden's records. Dr. Boronet never reviewed any of these records and was again under the mistaken impression that the petitioner was asymptomatic prior to the injury. Something that the evidence presented in this case, both by myself and opposing counsel, are different. We see prior medical issues for the petitioner. I think that just given the, and again, the arbitrator and the commission failed to really address these inconsistencies. Instead, just taking Dr. Boronet's word, even though he did not have all the requisite evidence, which really should have been required in order to find that petitioner's current condition is cause-related incident, and that the surgery recommended by Dr. Boronet is necessary. Contrast that with the expert, Dr. Kitchens, who had reviewed all the MRIs, reviewed all the records. He noted the inconsistencies contained within the records, noted that the petitioner had credibility issues, believed that Dr. Boronet's decision to, or believed that petitioner's condition was not cause-related incident period, and rather had returned to baseline. Given the massive inconsistencies, I would ask that the court find that the commission's decision is against the manifest way of the evidence, understanding that that is a difficult burden to overcome. But in this case, I think an opposite conclusion should have been reached. That's all I have. Okay, questions from the court? Yeah, counsel, I'm kind of looking at your brief. Your argument starts on page eight of the brief, is that correct? Yes. And it runs to page 12? Yes. And I noticed within the argument, there isn't a single case cited. Okay. Well, I think the manifest weight standard is clearly defined, Your Honor, and I understand that it's a difficult burden to overcome. Okay. Any further questions? Was there an appendix to your brief filed? Yes. I received the notification from the court that an appendix needed to be filed. I filed that on August 30th. Well, thank you. No further questions. You'll have time to reply, Mr. Crawford. Mr. Keefe, you may respond. Thank you, Your Honor. May it please the court. My name is Jim Keefe. I represent the appellee, Loxie Sanders. Mr. Crawford, as this court is well aware, the standard review is the manifest weight of the evidence. The court here is to defer to findings by the commission on medical evidence and the credibility of witnesses here. I think the arbitrator's decision, which was affirmed in its entirety by the commission, explains all the reasons that they found petitioner's testimony to be credible. And also the reasons they found Dr. Gornet's opinion more persuasive than the opinion of Dr. Kitchens. I think I've outlined those examples why there is sufficient evidence in the record to support those determinations by the commissions in my brief. And if there are no questions about that, I just stand on my brief. Hearing none, Mr. Crawford, you may reply. No further questions, Your Honor. I'm sorry, no further argument. Very good. Well, thank you, counsel, both for your argument in this matter this afternoon. It will be taken under advisement, and a written disposition shall issue.